NOT DESIGNATED FOR PUBLICATION

No. 114,232

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK KASSELMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 2, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: This is an appeal by Patrick Kasselman from his conviction for driving under the influence of alcohol arising from a trial to the court based upon agreed facts. We affirm his conviction due to the good-faith exception to the exclusionary rule.

Kasselman, arrested by Reno County authorities at a sobriety checkpoint, agreed to submit to breath testing after hearing and reading the implied-consent advisories. Both parties agreed that there was probable cause for the arrest and his blood-alcohol content exceeded the legal limit.

1

We asked for supplemental briefing in light of our Supreme Court's opinions in *State v. Ryce*, 303 Kan. 889, Syl. ¶¶ 9, 12, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*) and *State v. Nece*, 303 Kan. 888, 889 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*). The State responded by arguing that the good-faith exception to the exclusionary rule should apply. Kasselman contends that the exception may not be raised for the first time on appeal. We agree with the State.

Whether it is appropriate to suppress evidence from an unlawful search is a question of law. *State v. Daniel*, 291 Kan. 491, 496, 242 P.3d 1186 (2010). Because this is a pure question of law based on stipulated facts and is determinative of the case, we may consider the applicability of the good-faith exception for the first time on appeal. *State v. Schmidt*, 53 Kan. App. 2d 225, 233, 385 P.3d 936 (2016), *rev. denied* 306 Kan. 1329 (2017).

The breath test result was admissible in this case because the officer, in good faith, acted in reliance on the implied-consent statute before the Kansas Supreme Court ruled it unconstitutional. Following our reasoning in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449, this day decided), we see no reason here why the officer should have known that K.S.A. 2016 Supp. 8-1025 was unconstitutional or that the implied-consent advisory based on that law was coercive. At the time of the arrest, the officer was required by law to advise Kasselman that failure to submit to a breath test could constitute a separate crime. The officer here followed the law.

We hold the district court correctly denied Kasselman's motion to suppress, even though it did so for the wrong reason. The breath test result was admissible under the good-faith exception to the exclusionary rule.

Kasselman's conviction is affirmed.

2